MINER HITCHCOCK *vs.* COUNTY COMMISSIONERS OF HAMPDEN.

Hampden.   Sept. 23, 1879; Sept. 28, 1880. — Nov. 14, 1881.   FIELD, DEVENS & ALLEN, JJ., absent.

This court will not issue a writ of mandamus to compel county commissioners to construct a town way laid out by them, after refusal of the selectmen of the town to construct the same, if a second way between the same *termini* has been laid out and accepted by the town, by the construction of which the county commissioners, in their answer to the petition for the writ of mandamus, state the public convenience and necessity for a way will be fully satisfied.

PETITION for a writ of mandamus to compel the respondents to construct a town way laid out by them in Wilbraham.

The petition alleged that the petitioner and others, then inhabitants of Wilbraham, in the spring of 1874, requested in writing the selectmen of that town to lay out and build a certain town way therein, which the selectmen refused to do ; that the petitioners, being aggrieved by such refusal, presented a petition in writing to the county commissioners, at a regular meeting of that board on the fourth Tuesday of June, 1874, to lay out said way ; that the county commissioners, after due notice, full hearing of all parties in interest and upon view of the premises,

adjudged that the selectmen had unreasonably neglected and refused to lay out said way, and that common convenience and necessity required that the prayer of the petition should be granted; that the commissioners then appointed a time and place when and where they would meet and proceed to locate said way; that, after due notice, they met at the time and place appointed, and on December 26, 1876, located said way, as fully described in their report; that, on that day, the commissioners further ordered that the town cause said way, as specified in the location, to be made and completed in accordance with their order and to their acceptance, on or before October 1, 1877; that the town had not made and completed said way in the manner prescribed by the commissioners, but had refused and neglected to cause any part of the same to be made and completed, and still refused and neglected so to do; and that, although a reasonable time had elapsed since the date the commissioners ordered said way to be completed, the commissioners had refused and neglected to cause said way to be completed, as was their duty under the statutes of the Commonwealth.

The answer stated, among other things, that on November 7, 1876, the town of Wilbraham accepted a report of the selectmen of the town, made on October 27, 1873, laying out and altering a road between the same *termini*, nearly identical with the road referred to in the petition, and designed for the same uses and answering the same purposes of convenience and necessity; that thereby said way was legally laid out by said town, "and can legally and properly be constructed by the town of Hampden in which the same is, and thereby the occasion for the construction by the county commissioners of the said road named in this petition ceased to exist;" and that the public convenience and necessity for a road would be fully satisfied by the construction of said way laid out by the selectmen of, and duly accepted by, said town.

Hearing before *Soule*, J., who, at the request of the parties, reported the case, upon the petition and answer and the facts proved before him, for the consideration of the full court; according to whose opinion the writ was to issue, or the petition be dismissed.

*G. Wells & C. C. Spellman*, for the petitioner.

*M. P. Knowlton*, for the respondents.

By THE COURT. It appearing that a second road between the same *termini* has been laid out and accepted by the town, by the construction of which the county commissioners, in their answer to this petition for a writ of mandamus, state the public convenience and necessity for a road will be fully satisfied, the court should not revise the opinion of the commissioners upon that question, and, in the exercise of a sound judicial discretion, ought not to issue a writ of mandamus to compel the construction of the first road. *Hill* v. *County Commissioners*, 4 Gray, 414. *Thorpe* v. *County Commissioners*, 9 Gray, 57, 59.

This ground being decisive of the case, it is unnecessary to determine the more important and difficult questions presented by the report and argued at the bar.      *Petition dismissed.*